**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| PARUS HOLDINGS INC., | § § § | |
| Plaintiff, | § § § | Civil Action No. 6:19-cv-433-ADA |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S RULE 12(b)(6) MOTION TO DISMISS CLAIMS OF
WILLFUL INFRINGEMENT, INDUCED INFRINGEMENT,
AND INJUNCTIVE RELIEF**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    LEGAL STANDARD.................................................................................. 2

III.   ARGUMENT ............................................................................................. 2

     A.    Parus Fails To Adequately Plead Willful Infringement........................................ 2

          1.    Parus Fails To Plead Pre-Suit Knowledge Of The Asserted Patents ........ 3

          2.    Parus Fails To Plead That Google Engaged In "Egregious" Conduct .................................................................................................. 4

     B.    Parus Fails To Adequately Plead Indirect Infringement........................................ 6

          1.    Parus Fails To Plead Indirect Infringement Of The '084 Patent .............. 6

          2.    Parus Fails To Plead Pre-Suit Knowledge Of The '431 Patent ................ 7

          3.    Parus Fails To Plead Facts Plausibly Supporting That Google Sold Any Component Knowing It Was Especially Made For Use In Infringing The '431 Patent ...................................................................... 8

          4.    Parus Fails To Plead Facts Plausibly Supporting That Google Had Specific Intent To Encourage Others' Infringement Of The '431 Patent ................................................................................................... 10

     C.    Parus Fails To Adequately Plead A Claim For Injunctive Relief ....................... 12

IV.   CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*3D Sys., Inc. v. Formlabs, Inc.*,
2014 WL 1904365 (S.D.N.Y. May 12, 2014) .......................................................... 9

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 Fed. Appx. 934 (Fed. Cir. 2015)................................................................ 7, 10

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
2017 WL 2543811 (D. Or. June 12, 2017) ............................................................ 4

*Aguirre v. Powerchute Sports LLC*,
2011 WL 2471299 (W.D. Tex. June 17, 2011) ...................................................... 8

*Artip v. Ball Corp.*,
735 F. App'x. 708 (Fed. Cir. 2018) ....................................................................... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................... 2, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................... 2, 5, 6, 13

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*,
912 F. Supp. 2d 1338 (M.D. Fla. 2012)................................................................. 8

*Commil USA, LLC v. Cisco Systems, Inc.*,
135 S. Ct. 1920 (2015)........................................................................................... 7

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ...................................................... 9

*CyWee Grp. Ltd. v. HTC Corp.*,
312 F. Supp. 3d 974 (W.D. Wash. 2018)............................................................. 12

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., et al.*,
2018 WL 6629709 (D. Del. Dec. 19, 2018) ........................................................ 11

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) .......................................................................... 10

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)............................................................................................. 12

*Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*,
2019 WL 3818049 (W.D. Tex. Jun. 13, 2019) ...................................................... 3

# TABLE OF AUTHORITIES

**Page**

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563  U.S. 754 (2011).................................................................................. 3, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016).......................................................................... 3, 4, 5

*Hypermedia Navigation LLC v. Google LLC*,
  2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ......................................... 11

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ............................................................... 4

*Inhale, Inc. v. Gravitron, LLC*,
  2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ........................................ 3

*Iron Oak Techs., LLC v. Dell, Inc.*,
  2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ........................................... 9

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
  2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ..................................... 9, 10

*M&C Innovations, LLC v. Igloo Prods. Corp.*,
  2018 WL 4620713 (S.D. Tex. July 31, 2018)....................................... 5, 13

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
  2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).......................................... 5

*Memory Integrity LLC v. Intel Corp.*,
  144 F. Supp. 3d 1185 (D. Or. 2015) ...................................................... 11

*Mentor Graphics Corporation v. EVE-USA, Inc.*,
  851 F.3d 1275 (Fed. Cir. 2017) ............................................................... 4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)................................................................................ 12

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ......................................... 8

*Princeton Digital Image Corp. v. Ubisoft Entm't. SA*,
  2016 WL 6594076 (D. Del. Nov. 4, 2016) ............................................... 6

*Proxyconn Inc. v. Microsoft Corp.*,
  2012 WL 1835680 (C.D. Cal. May 16, 2012) .......................................... 8

*Select Retrieval, LLC v. Bulbs.com Inc.*,
  2012 WL 6045942 (D. Mass. Jan. 31, 2014) ........................................... 8

## TABLE OF AUTHORITIES

**Page**

*Simpson Performance Prods., Inc. v. NecksGen Inc.*,
  2018 WL 2229396 (S.D. Cal. May 16, 2018)................................................................. 10

*Valinge Innovation AB v. Halstead New England Corp.*,
  2018 WL 2411218 (D. Del. May 29, 2018).................................................................. 4

*VLSI Tech. LLC v. Intel Corp.*,
  2019 WL 1349468 (D. Del. Mar. 26, 2019) ................................................................. 4

*VLSI Tech., LLC v. Intel Corp.*,
  No. 6:19-cv-254-ADA, Dkt. No. 52 (W.D. Tex. Aug. 6, 2019)............................... 3, 7

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016) .................................................................................. 3

*Windy City Innovations, LLC v. Microsoft Corp.*,
  193 F. Supp. 3d. 1109 (N.D. Cal. 2016).................................................................... 9

*Xpoint Techs., Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d. 349 (D. Del. 2010)......................................................................... 8

**Statutes**

35 U.S.C. § 271(c) ......................................................................................................... 8, 9

## I.      INTRODUCTION

Plaintiff Parus Holdings Inc.'s ("Parus") claims of willful and indirect infringement and request for injunctive relief should be dismissed because Parus fails to plead facts that plausibly allege the necessary elements supporting those claims and that relief.

*First*, Parus concedes that Defendant Google LLC ("Google") did not have pre-suit knowledge of U.S. Patent Nos. 7,076,431 ("the '431 Patent") or 9,451,084 ("the '084 Patent") (collectively, the "Asserted Patents") or its alleged infringement, alleging in its Complaint that Google in fact only learned of the Asserted Patents as a result of Parus's lawsuit.  It is black letter law that to state a claim for willful, induced, or contributory infringement, a plaintiff must show that the defendant had knowledge of the patent or was willfully blind to its existence.  Parus's claims must therefore be dismissed.

*Second*, Parus's willful and indirect infringement claims must be dismissed for the independent reason that Parus does not and cannot plead the remaining elements of these claims. Specifically, Parus does not allege, nor could it, that Google engaged in "egregious" conduct, as required for willful infringement; knowingly sold its products as especially made components of an infringing system or use, as required for contributory infringement; or had the "specific intent" to induce infringement, as required for induced infringement.

*Finally*, Parus's request for injunctive relief is unsupportable because Parus does not allege any injury that is irreparable and cannot be compensated by monetary damages.

Because Parus's Complaint is deficient in all of these respects, the Court should dismiss Parus's claims of willful, contributory, and induced infringement, and its request for injunctive relief.

## II.     LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.    ARGUMENT

### A.      Parus Fails To Adequately Plead Willful Infringement

The Court should dismiss Parus's willful infringement claims because Parus's own allegations confirm that Google (1) did not have pre-suit knowledge of the Asserted Patents and (2) did not engage in "egregious" conduct.  Parus bases its willful infringement claims solely on the fact that Google learned of the Asserted Patents after the complaint was filed and the unsupported legal conclusion that Google's alleged infringement has been willful.  Compl. ¶¶ 18-19, 62-63.  The entirety of Parus's allegations are:

> 18.     Upon filing of the complaint or shortly thereafter, Defendant Google has knowledge of the '431 Patent.

> 19.     Defendant Google's acts of direct infringement of the '431 Patent are willful, and have caused and will continue to cause substantial damage and irreparable harm to Parus, and Parus has no adequate remedy at law.

> 62.     Upon filing of the complaint or shortly thereafter, Defendant Google has knowledge of the '084 Patent.

> 63.     Defendant Google's acts of direct infringement of the '084 Patent are willful, and have caused and will continue to cause substantial damage and irreparable harm to Parus, and Parus has no adequate remedy at law.

Such allegations could be pled in every patent infringement action and are wholly insufficient to support a claim of willful infringement.

### 1.    Parus Fails To Plead Pre-Suit Knowledge Of The Asserted Patents

A claim for willful patent infringement must allege that infringement was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1926 (2016). Willful infringement requires knowledge of the allegedly infringed patent and that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. at 1930; see also *id*. at 1933 ("culpability is generally measured against the knowledge of the actor"); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages" after *Halo*); *cf. Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 767 (2011) (willful blindness may stand in the place of actual knowledge).

Parus's claim of willful infringement necessarily fails because Parus expressly alleges that Google has only post-suit knowledge of the patents. As this Court has explained, "[o]rdinarily, the Court would dismiss an allegation of willful infringement without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents." *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, 2019 WL 3818049, at *5 (W.D. Tex. Jun. 13, 2019); *see also VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, Dkt. No. 52, at 2 (W.D. Tex. Aug. 6, 2019) (dismissing willful infringement claims). This case is the quintessential example of when a willful infringement claim should be dismissed, because there is absolutely no allegation of pre-suit knowledge. Where a complaint "wholly lacks factual allegations raising a reasonable inference of pre-suit knowledge" of the asserted patent, that complaint "fails to state a claim of willful infringement." *Inhale, Inc. v. Gravitron, LLC*, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018). Here, there can be no

"reasonable inference of pre-suit knowledge" because Parus has alleged that Google learned of the patents only after the complaint was filed.

While some courts have held that a pleading of post-suit knowledge alone can form the basis of willful infringement, those decisions are contrary to precedent.  In *Mentor Graphics Corporation v. EVE-USA, Inc.*, decided after *Halo*, the Federal Circuit affirmed that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement."  851 F.3d 1275, 1295 (Fed. Cir. 2017) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007)).  As the Supreme Court explained, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct."  *Halo*, 136 S. Ct. at 1933.  District courts examining this controlling authority have thus concluded that post-suit knowledge alone fails to support a pleading of willful infringement.  *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *11 (D. Del. May 29, 2018); *Adidas Am., Inc. v. Sketchers USA, Inc.*, 2017 WL 2543811, at *4 (D. Or. June 12, 2017).  As one court recently held, "the complaint itself cannot serve as the basis for a defendant's actionable knowledge," because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."  *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019).

Because Parus pleads facts confirming that Google had no pre-suit knowledge of the Asserted Patents, Parus's claim for willful infringement must be dismissed.

### 2.    Parus Fails To Plead That Google Engaged In "Egregious" Conduct

Parus's willful infringement claims fail for a separate, independent reason.  A claim of willful infringement also requires the plaintiff to show that a defendant's infringement is an "egregious case[ ] of culpable behavior," which has alternately been described as conduct that is

"willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932.

Parus's bare pleading fails to allege any egregious conduct. To the contrary, it reveals a conventional case in which a patent owner alleges infringement, and the defendant learns of the alleged infringement solely based on the lawsuit. This is precisely the type of case for which willful infringement should ***not*** be found. "Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* "'[W]illful misconduct' do[es] not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent ***and nothing more.***" *Id* at 1936 (Breyer, J., concurring) (emphasis in original). Because Parus's allegations are not only inadequate, but are indeed contrary to a finding of willful infringement, Parus has failed to "'state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Numerous courts, including those in this District, have held that the failure to plead facts that plausibly support egregious conduct requires dismissal of claims of willful infringement. The "threadbare recital of the elements of willful infringement, supported by mere conclusory statements, does not suffice." *Meetrix IP, LLC v. Cisco Sys., Inc.*, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (internal markings omitted) (dismissing willful infringement claim based on failure to articulate an allegation of egregiousness). Where an accused infringer learns of the patent post-suit, and then merely continues to manufacture infringing products, that would "simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M&C Innovations, LLC v. Igloo Prods. Corp.*, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim where the "post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production

following service of the complaint"); *see Princeton Digital Image Corp. v. Ubisoft Entm't SA*, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) (dismissing willful infringement claims in a third amended complaint, where that complaint "does not sufficiently articulate how [defendant's] actions during a short, three-month period of time amount to an 'egregious' case of infringement of the patent").

Because Parus's own allegations establish that Google has not engaged in egregious conduct, Parus's claim for willful infringement must be dismissed.

## B.     Parus Fails To Adequately Plead Indirect Infringement

Parus's indirect infringement claims fail for reasons similar to its willfulness claims. *First*, Parus fails to make any allegations as to the '084 Patent at all. *Second,* Parus fails to allege that Google had pre-suit knowledge of the existence of or of its alleged infringement of the '431 Patent – indeed, Parus concedes that Google did not learn of the Asserted Patents until after the suit was filed. *Third*, Parus fails to plead facts plausibly supporting that Google contributed to infringement by selling any component it knew was especially made for use in infringing the '431 Patent. *Finally*, Parus fails to plead facts plausibly supporting that Google had the required "specific intent" to induce infringement of the '431 Patent. Parus's allegations of contributory and induced infringement are nothing more than formulaic recitations of the elements of these claims, merely stating legal conclusions without any factual support. Parus's Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

### 1.     Parus Fails To Plead Indirect Infringement Of The '084 Patent

Parus fails to allege indirect infringement of the '084 Patent because it fails to make any allegations at all. Instead, Parus's complaint repeats a boilerplate allegation of induced and contributory infringement as to the '***431 Patent***. Compl. ¶¶ 92-93. Accordingly, Parus's indirect

infringement claim with respect to the '084 Patent should be dismissed for failing to make even cursory allegations.

### 2.    Parus Fails To Plead Pre-Suit Knowledge Of The '431 Patent

As discussed above, Parus concedes that Google had no pre-suit knowledge of the '431 Patent.  Compl. ¶¶ 16, 55, 59, 92.  Claims for both contributory and induced infringement require "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech*, 563 U.S. at 765-66 (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement.").  "To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents."  *Artip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citing *Commil*, 135 S. Ct. at 1926).  Similarly, "[t]o state a claim for induced infringement, the plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement."  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (citing *Commil*, 135 S. Ct. at 1926).

Here, Parus pleads neither pre-suit knowledge of the '431 Patent nor knowledge of the alleged patent infringement.  This Court recently faced similar facts in *VLSI Technology, LLC v. Intel Corp.*. in which the Court dismissed indirect infringement claims because the plaintiff failed to plead pre-suit knowledge of the asserted patents.  No. 6:19-cv-254-ADA, Dkt. No. 52, at 2 (dismissing indirect infringement claims with no allegation of actual knowledge and insufficient facts to support allegations of willful blindness).  For the same reasons, this Court should dismiss Parus's indirect infringement claims.

Parus's allegation of post-suit knowledge does not cure this fatal flaw.  As with willful infringement, "[t]he weight of authority addressing the knowledge required for indirect

infringement, especially following the Supreme Court's decision in *Global-Tech*, requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit." *Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1345 (M.D. Fla. 2012). As this District has previously held, "[t]o the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports LLC*, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011); *see also, e.g., Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d. 349, 357 (D. Del. 2010) ("knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"); *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5-*6 (C.D. Cal. May 16, 2012); *Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942, at *5-*6 (D. Mass. Jan. 31, 2014). "If post-suit notification were permissible, then the knowledge / willful blindness requirement would be meaningless—*of course* alleged infringers have actual knowledge of the patent(s) at issue once they have received the complaint." *Orlando Commc'ns LLC v. LG Elecs., Inc.*, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) (emphasis in original).

### 3. Parus Fails To Plead Facts Plausibly Supporting That Google Sold Any Component Knowing It Was Especially Made For Use In Infringing The '431 Patent

In addition to knowledge of the patent, contributory infringement requires that the alleged infringer sells or offers to sell a component "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Thus, "[a] complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of

such patent'; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015).

Parus's entire contributory infringement allegation is set forth in the following single paragraph:

> 58.    Defendant Google has also infringed, and continues to infringe, claims of the '431 Patent by offering to commercially distribute, commercially distributing, making and/or importing the Google Accused Products, which are used in practicing the process, or using the systems, of the '431 Patent, and constitute a material part of the invention. Defendant Google knows the components in the Google Accused Products to be especially made or especially adapted for use in infringement of the '431 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Google Accused Products infringes the patent claims, and as such, is especially adapted for use in infringement as set forth above. Accordingly, Defendant Google has been, and currently is, contributorily infringing the '431 Patent, in violation of 35 U.S.C. § 271(c).

*See also* Compl. ¶ 93 (repeating the same paragraph).

Parus's single-paragraph allegation (repeated twice) fails to meet any of the four requirements for pleading contributory infringement.  Courts in this District reject the reliance on "threadbare recital" of "the elements of a contributory infringement claim." *Iron Oak Techs., LLC v. Dell, Inc.*, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *see Joao Control*, 2015 WL 3513151, at *5.  Other courts are broadly in agreement.  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) ("none of these generic allegations provide any factual basis upon which a plausible inference of contributory infringement can be drawn"); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d. 1109, 1116 (N.D. Cal. 2016) ("boilerplate language stating the legal conclusion to be proved" insufficient for alleging contributory infringement); *3D Sys., Inc. v. Formlabs, Inc.*, 2014 WL 1904365, at *6 (S.D.N.Y. May 12, 2014) ("barebones recitation" of elements constitutes "mere conclusory allegations on indirect infringement [that] cannot survive a motion to dismiss"); *Simpson Performance Prods.,*

*Inc. v. NecksGen Inc.*, 2018 WL 2229396, at *4 (S.D. Cal. May 16, 2018) (dismissing contributory infringement claims where the complaint "lacks specific ***factual*** allegations from which the Court may draw a plausible inference of contributory infringement") (emphasis in original).  Parus's allegations of contributory infringement do nothing more than state legal conclusions without alleging any supporting facts.  Parus's contributory infringement claims should therefore be dismissed.

> ### 4.       Parus Fails To Plead Facts Plausibly Supporting That Google Had Specific Intent To Encourage Others' Infringement Of The '431 Patent

Parus's Complaint likewise provides only threadbare, conclusory recitations of the elements of induced infringement, and thus fails to plead facts supporting that Google had specific intent to encourage others to infringe, providing an independent basis to dismiss these claims.

"To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constitute infringement." *Joao*, 2015 WL 3513151, at *5.  As the Federal Circuit has held, specific intent necessarily "requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* review of intent requirement).  "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst.*, 620 F. App'x at 938.

Here, Parus's specific intent claims rests entirely on (1) an allegation that Google "instruct[ed], direct[ed], and/or require[ed] others, including customers, purchasers, users and developers, to perform one or more of the steps of the method claims" of the '431 Patent, and (2) an allegation—"upon information and belief"—that Google "knowingly and actively aided and

abetted the direct infringement of the '431 Patent by instructing and encouraging its customers, purchasers, users, and developers to use the '431 Patent methods and technology" in "advertising and promoting . . . as further described above."  Compl. ¶¶ 56-57.

Courts routinely hold that citation to the existence of product advertising and promotion does not itself allege facts plausibly showing specific intent to induce infringement, absent the identification of "any particular statement or material that plausibly suggests Defendants intend to induce infringement of the Patents-in-Suit." *Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (mere citations to websites insufficient to plead specific intent).  Plaintiff must include specific allegations mapping of the advertisement or promotion to the performance of the claimed steps of the patent.  "Where defendants have not touted the benefits of the accused products in ways that track the asserted patents, courts generally do not infer specific intent." *Memory Integrity LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195 (D. Or. 2015); *see Hypermedia Navigation LLC v. Google LLC*, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("bald conclusions that an end user following YouTube instructions results in infringement" insufficient to plead specific intent).

Parus faces an even higher hurdle to show specific intent because Parus relies entirely on Google's post-suit knowledge of the '431 Patent.  Before having knowledge of the '431 Patent, Google could not have possessed the specific intent to induce infringement.  Parus thus must show specific intent tied to some post-suit conduct.  But to the extent Google continues the same advertising and promotional activities in which it was engaged before learning of the patents, those are not actions done with the "specific intent" to induce infringement, but rather with the intent to continue the advertising and promotion of Google's products.  Laws against inducement are not intended to prohibit "ordinary acts incident to product distribution, such as offering customers technical support or product updates." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545

U.S. 913, 937 (2005).  Here, Parus must plead facts showing "that the ***post-knowledge actions*** teach an infringing use." *CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 979 (W.D. Wash. 2018) (emphasis added).  Parus fails to identify any such post-knowledge actions that would plausibly show Google's specific intent to induce infringement.  Parus's induced infringement claim must therefore be dismissed.

### C.      Parus Fails To Adequately Plead A Claim For Injunctive Relief

Parus's request for temporary, preliminary, and permanent injunctive relief cannot stand, because Parus fails to plead facts plausibly supporting irreparable harm, a necessary element of such a claim.  With respect to irreparable harm, the sole statements made by Parus are in Paragraphs 19 and 63 of the Complaint:

> 19.    Defendant Google's acts of direct infringement of the '431 Patent are willful, and have caused and will continue to cause substantial damage and irreparable harm to Parus, and Parus has no adequate remedy at law.

> 63.    Defendant Google's acts of direct infringement of the '084 Patent are willful, and have caused and will continue to cause substantial damage and irreparable harm to Parus, and Parus has no adequate remedy at law.

To establish entitlement to injunctive relief, a plaintiff must demonstrate:  "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Parus fails to plead facts to plausibly support a finding that it has suffered an irreparable injury that is not compensable by monetary damages.  To the extent Parus even alleges it has products—the Complaint only implies as much through a generic allegation of marking (Compl. ¶¶ 9-10)—Parus makes no allegations plausibly suggesting that its products compete with

Google's products or that Google's alleged infringement has any impact on Parus's product sales, let alone irreparable harm.  Absent such allegations, Parus's claim for injunctive relief must be dismissed.  *M&C Innovations*, 2018 WL 4620713, at *6 (dismissing claims for lost profits and a permanent injunction with prejudice).

## IV.  CONCLUSION

Because it is undisputed that Google did not have pre-suit knowledge of the Asserted Patents, Parus's claims of willful and indirect infringement should be dismissed.  These claims should also be dismissed for the independent reason that Parus fails to plead the other required elements of the claims.  Similarly, Parus's claim for injunctive relief should be dismissed because Parus has not plead any facts showing irreparable harm.  Indeed, for each of these claims, Parus offers nothing more than conclusory, formulaic recitations of the elements of the claims that fail the plausibility test established in *Twombly* and *Iqbal*.  This test exists to prevent "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.  Accordingly, Defendants respectfully request that this Court dismiss Parus's claims for willful and indirect infringement and injunctive relief.

Dated:  October 7, 2019

/s/ Steve McConnico

Steve McConnico
Texas State Bar No. 13450300
smcconnico@scottdoug.com
Paige Arnette Amstutz
Texas State Bar No. 00796136
pamstutz@scottdoug.com
**SCOTT, DOUGLASS & MCCONNICO, LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399

Darin W. Snyder (*Pro Hac Vice Pending*)
dsnyder@omm.com
Luann L Simmons (*Pro Hac Vice Pending*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice Pending*)
dalmeling@omm.com
Mark Liang (*Pro Hac Vice Pending*)
mliang@omm.com
Bill Trac (*Pro Hac Vice Pending*)
btrac@omm.com
Daniel Silverman (*Pro Hac Vice Pending*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendant Google LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on October 7, 2019, all counsel of record who have appeared in this case are being served

with a copy of the foregoing via the Court's CM/ECF system.

/s/ Steve McConnico
Steve McConnico